## TRUSTEES OF DONATIONS *v.* STREETER.

A mortgagor in possession is liable upon covenants which run with the land.

ASSUMPSIT, for use and occupation. Pleas, the general issue and statute of limitations. The writ is dated August 15, 1882.

January 30, 1824, the plaintiffs, by an instrument under seal, leased the premises to Barker for the term of 999 years at an annual rent of $36.36. By various conveyances the title to the term came to Douglass, who, October 10, 1867, conveyed the same to the defendant, taking from him a mortgage to secure the payment of the purchase-money. The defendant entered, and had possession until November 25, 1872, when he conveyed the land to Greeley, who paid the mortgage to Douglass, and, September 5, 1874, conveyed the premises to the defendant's wife, who conveyed the same to Chase, March 30, 1875. The defendant occupied the land with his wife, and had the use of it from October 10, 1867, until March 30, 1875. No rent has been paid since 1867. In 1870 the plaintiffs' treasurer made a written demand for the payment of the rent upon the defendant, who soon after called and promised to pay it, but asked for delay. He has never since promised to pay unless an implied promise arose from his continuance in the occupation. The plaintiffs did not know of the conveyance to Chase, nor that the defendant had ceased to occupy until after the commencement of the action, but the deeds were all seasonably recorded. The plaintiffs have leave, if necessary, to amend by adding a count in covenant or debt.

*A. S. Wait*, for the plaintiffs.

*D. H. Woodward*, for the defendant.

CARPENTER, J. Assumpsit does not lie. *Gilman* v. *School District*, 18 N. H. 215; *Little* v. *Morgan*, 31 N. H. 499; *Knowlton* v. *Tilton*, 38 N. H. 257; *Brown* v. *Leavitt*, 52 N. H. 619; *Stebbins* v. *Insurance Co.*, 59 N. H. 143. The questions arising upon the replication of a new promise (if one was filed) to the plea of the statute of limitations are therefore immaterial. *Rice* v. *Wilder*, 4

N. H. 336; *Bank* v. *Sullivan*, 6 N. H. 133; *Downer* v. *Shaw*, 28 N. H. 155.

If the plaintiffs elect to amend their declaration by filing a count in covenant, the question will arise whether the defendant is liable, as assignee on the covenant, for the payment of rent during the time he was in possession and held the title to the term, subject to his mortgage to Douglass for the purchase-money. Covenants which run with the land attend the legal title. *Walker* v. *Reeves*, 2 Doug. 461 *n.; Dartmouth College* v. *Clough*, 8 N. H. 29. A mortgagor in possession as against everybody but the mortgagee, and as against him for all purposes except the security of the mortgage debt, is seized of the fee in the land. *Glass* v. *Ellison*, 9 N. H. 69; *Smith* v. *Moore*, 11 N. H. 55; *Great Falls Co.* v. *Worster*, 15 N. H. 434, 444; *Morrison* v. *Manchester*, 58 N. H. 560. He may recover its possession in a real action (*Ellison* v. *Daniels*, 11 N. H. 274), can convey it by deed, and only by deed (*Southerin* v. *Mendum*, 5 N. H. 431), and it may be levied upon as real property for his debts. *Kelly* v. *Burnham*, 9 N. H. 20; *Dunbar* v. *Starkey*, 19 N. H. 160; *Hovey* v. *Bartlett*, 34 N. H. 278. He is entitled to the benefit of, and may sue and recover on, his grantor's covenants for title, and on all covenants of former vendors which run with the land. *Haynes* v. *Stevens*, 11 N. H. 28. As an owner of real estate, which must be at least an estate of freehold (*Charlestown* v. *Acworth*, 1 N. H. 62), he may gain a settlement under the statute. *New London* v. *Sutton*, 2 N. H. 401; *Pembroke* v. *Allenstown*, 21 N. H. 107, 114, 115. If a highway is laid over the land, he is entitled to the damages awarded (*Parish* v. *Gilmanton*, 11 N. H. 294, *Gurnsey* v. *Edwards*, 26 N. H. 224), and upon his decease it goes to his heirs. *Southerin* v. *Mendum, supra.* In his estate, dower and a homestead may be assigned. *Cass* v. *Martin*, 6 N. H. 25; *Rossiter* v. *Cossit*, 15 N. H. 38; *Hastings* v. *Stevens*, 29 N. H. 564; *Norris* v. *Moulton*, 34 N. H. 392; *Norris* v. *Morrison*, 45 N. H. 490; *Pollard* v. *Noyes*, 60 N. H. 184; *Bank* v. *Rollins*, 63 N. H. 66. In short, as against all the world except the mortgagee, a mortgagor in possession is as absolute an owner of the land as if the mortgage had no existence. *Bickford* v. *Daniels*, 2 N. H. 71; *Cavis* v. *McClary*, 5 N. H. 530; *Bailey* v. *Metcalf*, 6 N. H. 156; *Bell* v. *Morse*, 6 N. H. 205; *Sissons* v. *Bicknell*, 6 N. H. 559; *Robinson* v. *Leavitt*, 7 N. H. 73; *Rigney* v. *Lovejoy*, 13 N. H. 247; *Smith* v. *Smith*, 15 N. H. 55; *Weeks* v. *Eaton*, 15 N. H. 145; *Dearborn* v. *Taylor*, 18 N. H. 153; *Lyman* v. *Hibbard*, 18 N. H. 233; *Wallace* v. *Goodall*, 18 N. H. 439; *Hutchins* v. *Carleton*, 19 N. H. 487; *Hobson* v. *Roles*, 20 N. H. 41; *Whittemore* v. *Gibbs*, 24 N. H. 484; *Furbush* v. *Goodwin*, 25 N. H. 425; *Page* v. *Pierce*, 26 N. H. 317; *Wilson* v. *Kimball*, 27 N. H. 300; *Johnson* v. *Brown*, 31 N. H. 405; *Ladd* v. *Wiggin*, 35 N. H. 421; *Blake* v. *Williams*, 36 N. H. 40; *Worster* v. *Great Falls Co.*, 41 N. H. 16; *Bryant* v. *Morrison*, 44 N. H. 288; *Northy* v. *Northy*, 45 N. H. 141; *Howe* v.

*Wadsworth,* 59 N. H. 397, and cases before cited.   He must there-
fore be held liable upon all covenants which run with the land.

If the doctrine of *M'Murphy* v. *Minot,* 4 N. H. 251, that a
mortgagee of the term, though not in possession, is liable on a
covenant for rent (doubted in *Lord* v. *Ferguson,* 9 N. H. 383), is
inconsistent with this judgment, it is to that extent overruled.
The plaintiffs, upon filing a count in covenant, are entitled to
judgment for the amount of the rent from October 10, 1867, to
November 25, 1872.   After the latter date, the defendant is not
liable, although he remained in occupation.   *Dartmouth College* v.
*Clough,* 8 N. H. 29.

*Judgment for the plaintiffs.*

ALLEN, J., did not sit: the others concurred.